---

(41 Misc. Rep. 640.)

### WOOLF et al. v SCHAEFER et al.

(Supreme Court, Special Term, New York County. November, 1903.)

1. MATERIALMAN'S LIEN — NONPERFORMANCE OF CONTRACT—COUNTERCLAIM — DAMAGES

Building contractors agreed with the owner of a lot to furnish him with materials to construct a house thereon, the first payment to be made when it was fully inclosed and roof on. The shingles necessary for the roof were never furnished, because of severe storms. *Held*, that they were not entitled to a lien for materials, but the owner on a counterclaim could recover damages for injuries done by the elements to the house while left unroofed, as well as consequent loss of rentals.

Action by James A. Woolf and Eugene T. Woolf against Bertha L. Schaefer and others to foreclose a mechanic's lien. Judgment for certain defendants.

Langbein & Langbein, for plaintiffs.
Henry M. Haviland, for defendant Schaefer.
John R. Halsey, for defendant Furlong.
Manheim & Manheim, for defendant Hookey.
Thomas J. L. McManus, for defendants Fasana and Barreca.
Henry M. Heymann, for defendants Spadari and Liquori.

MacLEAN, J. Owning three lots of ground, numbered 317, 318, and 319, respectively, the defendant Schaefer, on December 5, 1901, entered into contract with the plaintiffs, who were to furnish lumber, shingles, and other building material for lot 318 for the sum of $626.91, and to be paid $316 "when fully inclosed and roof on," and $310 "when all is delivered and house finished." A substantially similar contract was made on the same day for material, at a slightly different price, for the improvement of lot No. 319. Nothing was furnished for lot No. 319, nor was any explanation made by the plaintiffs for nonperformance of their contract respecting it, although demand for such performance was proven. When they had delivered a good part of the material for No. 318 the plaintiffs stopped delivery, and filed notice of a mechanic's lien February 15, 1902, and began later this action, February 18th. But they had not, nor have they yet, delivered the shingles indispensable for the inclosure and roofing in of the building, the condition precedent to their becoming entitled to even the first payment. This failure to perform they attempted to excuse by testimony that the shingles were ordered in the West, and that they were disappointed by reason of storms. It

¶ 1. See Mechanics' Liens, vol. 34, Cent. Dig. § 448.

was not provided, however, that they might set off their disappoint-
ment against the disappointment of their customer, whom their fail-
ure to perform what they had undertaken without reserve caused
severe loss, direct and consequential.   Moreover, the notice as filed
covered all three lots, thus casting the blight of a lien not only upon
the property improved, but also upon the lot for which they fur-
nished nothing, and even upon the lot which was not "improved or
to be improved" at all.   The plaintiffs were not entitled to the lien
claimed, nor to any lien at the time the notice was filed, nor had they
the cause of action alleged at the time this was commenced.   The
complaint is dismissed.   Otherwise as to the counterclaim for the
damage done by the elements to the house left unroofed, through
the failure of the plaintiffs to perform their contract, and for the
consequent loss of rentals.   These issues, having been raised by the
affirmative allegations in the answer and the denials in the reply, and
having been tried here, are to be disposed of upon the evidence sub-
mitted, according to which the defendant Schaefer appears entitled
to judgment against the plaintiffs for the sum of $2,830, together with
costs and an allowance to the defendant Schaefer.   The lien of the
defendant Hookey is discharged and canceled of record.   He filed it
February 15th.   He had accepted for his indebtedness a note falling
due four days later, besides giving an agreement in writing to extend
the time of payment.   He had not returned the note, or relieved the
maker from liability thereon, when he filed the notice of lien.   The
several liens of the other defendants are discharged and canceled.
Each is invalid, as appears on the face of the notice.   Furthermore,
defendants Fasana and Barreca had, and still have, a prior action
pending to foreclose the same lien, and it was proven also that what
work they did do was done improperly.   Defendant Furlong failed
to prove substantial performance of what he undertook.   Defendants
Kroner and Seiffert did not appear in person or by counsel at the
trial   Defendants Spadari and Liquori appeared by counsel, and
one of them was sworn as a witness, but was precluded from testi-
fying by showing that no answer had been served for them.   Costs
will be allowed to the defendant Schaefer against her several code-
fendants.

Judgment accordingly.